IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| XIAOHONG XU, | § | |
| | § | No. 478, 2014 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| JIM CHENG, D.M.D., | § | in and for New Castle County |
| | § | C.A. No. N14J-01486 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: January 9, 2015
Decided: March 13, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 13th day of March 2015, upon consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Xiaohong Xu, filed this appeal from the Superior Court's order dismissing Xu's "appeal" from a Commissioner's order denying her motion to quash a wage attachment. We affirm the Superior Court's judgment on the ground that Xu's request for review of the Commissioner's order was untimely.

(2) The record reflects that, on September 18, 2013, the appellee, Dr. Jim Cheng, obtained a judgment against Xu in the Court of Common Pleas for Chester County, Pennsylvania. On April 2, 2014, Cheng domesticated the judgment in the Superior Court in New Castle County under 10 *Del. C.* § 4782, the Uniform

Enforcement of Foreign Judgments Act.[1]  On May 9, 2014, Cheng filed a wage attachment against Xu.  On June 2, 2014, Xu filed a motion to quash the wage attachment, and Cheng filed a response in opposition.  A Superior Court Commissioner denied the motion to quash the wage attachment on June 27, 2014. On July 15, 2014, Xu filed a "notice of appeal," seeking review of the Commissioner's order by a Superior Court judge.  On August 19, 2014, the Superior Court rejected Xu's appeal from the Commissioner's order.  Among other reasons, the Superior Court concluded that Xu's "appeal" of the Commissioner's order was untimely under Superior Court Civil Rule 72 because it was not filed within 15 days of the Commissioner's order.  This appeal followed.

(3)    In her opening brief on appeal, Xu does not cite any legal grounds challenging the Superior Court Commissioner's denial of her motion to quash or the judge's dismissal of her "notice of appeal" as untimely.  Instead, she attempts to assert claims of dental malpractice and fraud.  Those claims are not properly before the Court.[2]

---

[1] 10 *Del. C.* § 4782 provides:

A copy of any foreign judgment authenticated in accordance with an act of Congress, or the statutes of this State, may be filed in the office of any prothonotary of this State. The prothonotary shall treat the foreign judgment in the same manner as a judgment of the Superior Court of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating or staying, as a judgment of the Superior Court of this State and may be enforced or satisfied in like manner.

[2] Del. Supr. Ct. R. 8 (2015).

2

(4)     After review of the parties' contentions, we find no merit to Xu's appeal.  Although the Superior Court incorrectly cited Superior Court Civil Rule 72[3] in dismissing Xu's request for review of the Commissioner's order as untimely, it is clear that Xu's request for review was untimely nonetheless.  Under the applicable rule, Superior Court Civil Rule 132, any objections to a Commissioner's order in case-dispositive or non case-dispositive matters, must be filed within 10 days of the Commissioner's order.[4]  In this case, the Commissioner's order was entered on June 27, 2014.  Xu did not seek review of the Commissioner's order until July 15, 2014.  Her request for review clearly was out of time.  Accordingly, we find no abuse of the Superior Court's discretion in dismissing Xu's request for review of the Commissioner's order as untimely.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

---

[3] Superior Court Civil Rule 72 governs appeals from "all commissions, boards, hearing officers under the Personnel Rules for Non-Judicial Employees, or courts from which an appeal my at any time lie to the Superior Court…."

[4] *See* Super. Ct. Civ. R. 132(a)(3)(ii), (a)(4)(ii).